IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TRIMAINE GI'VON MONDAY,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 5:25-cv-523-MTT-CHW |
| **MORGAN COUNTY,** *et al.*, | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Trimaine Gi'von Monday has filed a pleading that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). For the following reasons, Plaintiff will be required to submit a non-prisoner *in forma pauperis* motion and recast his Complaint on the Court's standard form if he wishes to proceed with this action. In addition, Plaintiff's objection to the order referring this case to the undersigned magistrate judge (ECF No. 4) may be terminated as moot.

### I.    Motion to Proceed *in Forma Pauperis*

As an initial matter, Plaintiff has not paid the required filing fee in this case or filed a motion for leave to proceed *in forma pauperis* ("IFP"), that is, without paying the required filing fee. Plaintiff, however, has submitted post office receipts that appear to be for $5.00 money orders paid to this Court and to the Eleventh Circuit Court of Appeals. ECF No. 3-1 at 1. The receipt for the $5.00 paid to this Court is dated November 24, 2025. *Id.* The Court has not received any payment from Plaintiff, however, and an online search of the

United States Post Office's money order status page shows that this money order "has been sold, but not cashed." *See* https://tools.usps.com/money-orders.htm?msockid= 38b7189a285264142df40b5829006500 [https://perma.cc/7K82-85JF] (searched Serial Number "55022113232," Post Office Number "306500," Issued Amount "5") (last visited Jan. 26, 2026). Plaintiff must therefore either submit the $405.00 filing fee in this case in full or submit a motion for leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order. Because it appears Plaintiff is not presently incarcerated, the Clerk is **DIRECTED** to mail Petitioner a copy of the non-prisoner motion for leave to proceed *in forma pauperis*, marked with the case number for this case, that Petitioner should use to comply.

## II.     Order to Recast Complaint

Plaintiff is also **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original pleading (ECF No. 1)**. The Court will only consider the factual

allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's standard § 1983 form, marked with the case number for this case, that the Plaintiff should use to submit his recast complaint.

### III. Objections to Non-Dispositive Order

Plaintiff has also filed a "Notice of Non-Consent pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b)." ECF No. 4 at 1. This notice was docketed as an objection to the Court's December 3, 2025 order of referral (ECF No. 2). The order of referral designates the undersigned magistrate judge (1) "to hear and determine all pretrial matters pending before the court, except for dispositive motions" and (2) issue a report and recommendation to the district judge on any dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 2 at 1. A district judge's referral to a magistrate judge under § 636(b)(1)(A) does not require the parties' consent. If the parties consent, however, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case[.]" 28 U.S.C. § 636(c)(1).

A review of Plaintiff's submission reveals that Plaintiff is only withholding his consent to have a magistrate judge enter any final orders or judgment, conduct any trial proceedings, or make any dispositive rulings, pursuant to 28 U.S.C. § 636(c)(1). ECF No. 4 at 1. He "does not object to the Magistrate Judge performing duties authorized under 28

U.S.C. § 636(b), including . . . [h]andling nondispositive pretrial matters" and "[i]ssuing Reports and Recommendations." *Id.* at 2.  Thus, Plaintiff's "objection" essentially restates the order of referral, and it is entirely consistent with that order and 28 U.S.C. § 636.  Plaintiff's "objection" may therefore be terminated as moot.

### IV.     Conclusion

In sum, Plaintiff has **FOURTEEN (14) DAYS** from the date of this Order to (1) either pay the Court's $405.00 filing fee in full or file his non-prisoner *in forma pauperis* motion and (2) recast his Complaint on the Court's standard form.  Plaintiff's "objection" (ECF No. 4) may be **TERMINATED as moot.**  Plaintiff is further **DIRECTED** to notify the Court in writing of any further change in his mailing address.  **If Plaintiff does not timely and fully comply with this Order, this action will be dismissed.**  There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 29th day of January, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
